**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DONIELE SMITH** | ) | CASE NO. 2:17-cv-1077 |
| | ) | |
| | ) | JUDGE GEORGE C. SMITH |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **DEFENDANT'S MEMORANDUM** |
| | ) | **OPPOSING PLAINTIFF'S MOTION** |
| | ) | **FOR CONDITIONAL CLASS** |
| **CHS EMPLOYMENT SERVICES, LLC** | ) | **CERTIFICATION; MOTION TO** |
| | ) | **STRIKE PLAINTIFF'S FIRST** |
| | ) | **DECLARATION; AND MOTION TO** |
| **DEFENDANT.** | ) | **DISMISS** |
| | ) | |

## I.  INTRODUCTION

Defendant submits this memorandum opposing Plaintiff's motion for conditional class certification [doc. 3], along with its motion to strike Plaintiff's Declaration [doc. 3 att. 3], and Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

**A.  MS. SMITH'S REQUEST FOR CONDITIONAL CLASS CERTIFICATION FAILS**

Plaintiff ("Ms. Smith") fails to satisfy the requirements necessary to obtain conditional class certification in this case. She does not identify potential plaintiffs for the class that she has defined. Nor does she submit an affidavit or declaration from any person other than herself. Ms. Smith supports her claim of a "widespread discriminatory plan" with nothing more than her own speculation and one paycheck stub that she claims, without support, shows that Defendant paid her a non-discretionary bonus. Even under the most charitable reading of this District's applicable law, Ms. Smith's motion for conditional class certification must be denied.

**B.     THIS COURT MUST STRIKE MS. SMITH'S DECLARATION**

Defendant moves to strike the Declaration that Ms. Smith filed in support of her motion for conditional class certification. Contrary to the rules of this District, the Declaration submits information about Defendant and Ms. Smith's former co-workers for which she does not have legally competent personal knowledge. At one point, Ms. Smith opines that the bonuses she received were "nondiscretionary" without explaining how she reached that legal conclusion. (Smith Declaration ¶ 8). At another, Ms. Smith simultaneously bootstraps and speaks in the passive voice to intimate personal knowledge of the pay practices that Defendant applied to her and to "other employees" whom she does not identify. (Smith Declaration, ¶¶ 11-12). Consequently, Defendant requests that the Court strike all of Ms. Smith's Declaration.

**C.     THE COURT MUST DISMISS MS. SMITH'S COMPLAINT**

Defendant also moves to dismiss Ms. Smith's Complaint under Fed. R. Civ. P. 12(b)(6). Ms. Smith's formulaic recitation that she is entitled to a legal remedy because she allegedly was paid non-discretionary bonuses that were not included in her regular rate of pay fails to satisfy the pleading requirements under *Bell Atl. Corp v. Twombly* (2007), 55 U.S. 544. As Ms. Smith specifically fails to allege the facts showing that the bonuses were non-discretionary, Defendant is entitled to dismissal of her Complaint. *Id.*

## II.     ANALYSIS

**A.     MS. SMITH'S REQUESTED CLASS**

Ms. Smith seeks conditional certification of a class that she defines as:

[a]ll current and formerly hourly, non-exempt employees of Defendant who received remuneration payments in addition to their normal hourly rate of pay during any workweek that they worked over 40 hours in any workweek

>beginning three years preceding the filing date of the Complaint and continuing through the date of final disposition of this case.

Ms. Smith bases her request entirely on three items: (1) her 3-page Declaration; (2) one paycheck stub for wages paid to Ms. Smith when she worked as a State Tested Nursing Assistant at Isabelle Ridgway Care Center; (3) one Employee Handbook that Ms. Smith received when she worked at Isabelle Ridgway.

**B.     GENERAL PROOF RULES GOVERNING CONDITIONAL CERTIFICATION**

In an FLSA collective action, the Plaintiff bears the burden at all times to demonstrate the existence of a class that is similarly situated to the Plaintiff. *Snide v. Discount Drug Mart* (N. D. Oh. 2011), 2011 U.S. Dist. LEXIS 133736. The proof proffered to evidence the substantially similar class must be admissible evidence. *Flexter v. Action Temp. Servs., Inc.* (S.D. Oh. 2016), 2016 U.S. Dist. LEXIS 188403, at 12. Hearsay has no probative value as to the issue of conditional class certification. *Harrison v. McDonald's Corp.* (S.D. Oh. 2005), 411 F. Supp. 2d 862, 865. Speculation does not satisfy the Plaintiff's proof burden. *Flexter, supra.* Declarations must be based on legally competent personal knowledge. *Id.* In sum, the Plaintiff must "demonstrate a factual nexus – that is, something more than 'bare allegations' – to warrant conditional certification." *Conklin v. 1-800 Flowers.com, Inc.* (S.D. Oh 2017), 2017 U.S. Dist. LEXIS 126733, at *11.

**C.     THE COURT MUST STRIKE PLAINTIFF'S DECLARATION**

Application of the foregoing rules to Ms. Smith's Declaration shows that the declaration has no probative value for the matter before the Court. One of the declaration's deficits is Ms. Smith's obvious lack of personal knowledge. For example, she purports in Paragraph 2 to have personal knowledge that Defendant operates a specific number of facilities, but tacitly concedes in a footnote that she is only repeating

3

what she purportedly saw on a website. Another example is Paragraph 7's conclusory assertions that Smith has personal knowledge of "additional payments or bonuses" that Defendant allegedly paid to employees. These assertions have no probative value as the alleged payment amounts are not quantified, and the employees are not identified. *Flexter, supra*. Finally, the assertions contained in Paragraphs 11 and 12 regarding Ms. Smith's purported knowledge of a companywide policy to not pay overtime at the correct rate are nothing except speculative statements of the sort disapproved by this Court in *Flexter, supra.*

### D. PLAINTIFF FAILS TO SATISFY THE SPECIFIC PROOF REQUIREMENTS FOR CONDITIONAL CLASS CERTIFICATION

This Court has previously held that these factors determine entitlement to conditional class certification:

(1) Has Plaintiff identified potential plaintiffs?

(2) Has Plaintiff submitted affidavits of potential plaintiffs?

(3) Has Plaintiff submitted legally competent evidence proving a "widespread" discriminatory plan?

(4) Has Plaintiff submitted proof showing the existence of a manageable class?

*Flexter, supra*, at *6-7.

Courts refuse to conditionally certify requested collectives when the plaintiff fails to present evidence about the other employees who would comprise the collective. E.g., *Holmes v. Kelly Servs. USA, LLC* (E.D. Mi. 2017), 2017 U.S. Dist. LEXIS 123835, at *19-20, citing *Combs v. The Twins Group, Inc.* (S.D. Oh. 2016), 2016 U.S. Dist. LEXIS 172797. Plaintiff commenced this action on December 12, 2017. In the 96 days since

4

then, Ms. Smith has not identified a single potential plaintiff. Nor has she submitted a declaration or affidavit sworn by anyone other than herself.

Although not fatal, the failure of any of Plaintiff's co-workers to opt-in the action "is a strike against certification." *Holmes, supra.* To date, none of Ms. Smith's former co-workers has opted-in, underscoring the lack of merit in her motion for conditional certification. *Id.*

### E. THE EVIDENCE REQUIRED TO SHOW WIDESPREAD DISCRIMINATION

Meeting the burden of showing widespread discrimination requires proof showing that a material number of employees were not paid all of their wages lawfully owed to them due to a "common policy" that Plaintiff claims caused her own underpayment. *Rutledge, supra*, at *14-15. The principal evidentiary tool used to meet this requirement is an affidavit from co-workers.[1] *Holmes, supra*. As noted above, Ms. Smith has not augmented her own declaration with any sworn by others.

As noted above, Ms. Smith attempts to supply the necessary proof with her own unsubstantiated assertions. However, "[u]nsupported allegations that FLSA violations are widespread and that additional plaintiffs exist are insufficient to meet the Plaintiff's burden." *Snide, supra*, at *11. Ms. Smith cannot substitute her own declaration that lacks personal knowledge because "[w]ithout a proper foundation, [Plaintiff's] declaration is merely a restatement of the Complaint's allegations." *Id.* In this case, Ms. Smith's comments about her co-workers' compensation have no probative value because she

---

[1] This Court has indicated in previous cases that the minimum number of supporting affidavits needed to support a request for conditional class certification is two: "[i]n some instances two declarations may be sufficient to show that other employees are similarly situated to the plaintiff and FLSA certification is appropriate." *Flexter, supra*, at *13. Three declarations were found to have "barely" met the minimum necessary for conditional class certification in *Conklin, supra*, at *12.

5

has not proffered any admissible evidence showing that she has personal knowledge of the workers' "time sheets and paystubs." *Id.*

**F.    PLAINTIFF'S MEAGER PROOF REFUTES ANY CHANCE OF A PLAN OR PROGRAM TO EFFECTUATE WIDESPREAD DISCRIMINATION**

Ms. Smith worked at Isabelle Ridgway between November 8, 2015 to April 22, 2017.[2] The entirety of her evidence of a widespread discrimination plan or practice consists of one paystub covering the pay period between July 31, 2016 and August 13, 2016 that references one "bonus" for $25.00. In short, Ms. Smith seeks to base a class action on nothing more than a $25.00 bonus paid once during the 74 weeks that she worked at Isabella Ridgway.

Ms. Smith's proof fails to evidence widespread discrimination as required by *Flexter* and other cases. For example, this Court found in *Rutledge v. Claypool Elec., Inc.* (S.D. Oh. 2013), 2013 U.S. Dist. LEXIS 15344, that the plaintiffs' proof that defendant did not compensate two of them and 4-5 other unidentified individuals failed to evidence the requisite widespread discriminatory plan, prompting the Court to deny the plaintiffs' motion for conditional class certification. *Id.*, at *12-13. The outcome should be the same for Ms. Smith. Viewed most favorably to her, Ms. Smith's one paycheck stub suggests an isolated incident better suited for an individual claim if any legal remedy is truly necessary. *Id.*

**G.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Ms. Smith indicates that she was paid remuneration consisting of non-discretionary bonuses that was improperly omitted from her regular rate of pay, resulting in incorrectly

---

[2] She does not claim to have worked at any other facility in either her Complaint or her Declaration.

calculated overtime compensation. These allegations are comparable to those contained in *Corbin v. GoDaddy.com, Inc.* (D. Az. 2011), 2011 U.S. Dist. LEXIS 20862, in which the plaintiffs alleged that "'GoDaddy wrongfully withheld overtime pay from plaintiffs by excluding the Plaintiffs' non-discretionary bonus payments from their normal rates of pay for purposes of calculating their overtime pay in violation of 29 U.S.C. § 207(a) and (e)(3)." *Id.,* at *6. The *Corbin* court found that the Complaint did not contain factual allegations sufficient to "raise a right to relief above the speculative level" and dismissed the action. *Id.*, citing *Bell Atl. Corp v. Twombly* (2007), 55 U.S. 544, 555.

Plaintiffs' claim in *Corbin* was found to be legally deficient because their allegations did not demonstrate that Defendant's exclusion of the bonus compensation from their regular rate of pay plausibly violated the FLSA. *Id.* The Plaintiffs specifically failed to allege facts showing that the FLSA-defined "regular rate" should include the bonuses actually paid by the employer. *Id.,* at *8-9. Ms. Smith's allegations suffer from the same error, conflating a "'formulaic recitation of the elements of a cause of action…[with] factual allegations sufficient to 'raise a right to relief above the speculative level.'" *Id.*

While Ms. Smith's Complaint repeatedly alleges in conclusory fashion that "employees received remuneration payments in the form of nondiscretionary bonuses" that should have been included in the unidentified workers' regular rates of pay[3], she does not allege any fact showing that the purported bonuses were in fact non-discretionary[4]. The absence of allegations of fact showing *why* the bonuses are non-discretionary renders the Complaint's FLSA claim implausible, requiring its dismissal. *Id.*

---

[3] E.g., Complaint, ¶ 75.

[4] As such, the bonus could be discretionary, which are expressly excluded from the regular rate of pay. 29 CFR § 778.211(a).

7

**H. THE SCOPE OF PLAINTIFF'S PROPOSED CLASS IS IMPERMISSIBLY EXCESSIVE**

**(1) Excessive Job Classifications**

Ms. Smith must define the scope of the proposed collective by identifying: (1) job classification(s); wage rate(s); geographic location(s); and supervisory staff. *Snide*, *supra* at *8. Ms. Smith worked one of the most common positions at a nursing facility: State Tested Nursing Assistant. She does not indicate if she seeks to represent other common nursing facility job classifications; e.g., housekeepers and dietary aides. As such classifications differ materially from STNAs as to primary duties, supervision and wages, they are precluded from being included in one class. See, *White v. Baptist Mem. Health Care Corp.*, (W.D. Tenn. 2011), 2011 U.S. Dist. LEXIS 52928.

**(2) Excessive Geographic Area**

Ms. Smith indicates in her motion for conditional certification that she seeks permission to represent employees at an unspecified number of facilities other than Isabelle Ridgway, the facility that she identifies in her declaration as the only location where she worked ("I worked at CHS' facility called Isabelle Ridgway Care Center"). Even under the lenient standard applied to requests for conditional class certification, Ms. Smith's complete lack of evidence connecting her to other facilities precludes her from being certified as the representative of employees working at those facilities. *Snide, supra,* at *14.

**(3) Excessive Time Period**

Ms. Smith's wage demand dates back three years. The applicability of this durational period under 29 U.S.C. § 255(a) requires proof of willfulness warranting extension of the period from the typical two-year period. *Ouellette v. Ameridial, Inc.* (N.D.

8

Oh 2017), 2017 U.S. Dist. LEXIS 107952. This requires evidence showing that the employer either knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the FLSA. *Id*. As in the *Ouelette* case, Ms. Smith does not make any factual allegation sufficient to raise a right to the 3-year period in this action. Therefore, the request for a 3-year period must be rejected. *Id.*

### (4) Over-inclusive Definition of Regular Rate of Pay

The class that Ms. Smith seeks to represent would consist of employees who received *any* "remuneration payments in addition to their normal hourly rate of pay." However, not all remuneration is included in the statutorily defined regular rate of pay. The statutory definition excludes eight specific forms of remuneration. 29 U.S.C. § 207(e)(1)-(8). For example, discretionary bonuses are not part of the regular rate of pay. 29 CFR § 778.211(a). Therefore, the class defined by Ms. Smith is not the "manageable class" required by *Flexter, supra*, further meriting denial of her motion for conditional class certification.

### III.     CONCLUSION

Based on the foregoing, Defendant request that the Court dismiss Plaintiff's Complaint, strike Plaintiff's Declaration and deny Plaintiff's motion for conditional class certification.

Respectfully submitted,

/s/ Scott Salsbury
SCOTT SALSBURY (0039287)
SALSBURY & SALSBURY, LPA
5611 Hudson Drive, Suite 400
Hudson, Ohio 44236
Phone: 330-655-5760
Fax: 800-554-3066
ssalsbury@salsburylaw.com

## **CERTIFICATE OF SERVICE**

A copy of Defendant's Memorandum Opposing Plaintiff's Motion for Conditional Certification, etc. was served upon all parties through the Court's electronic filing system on March 19, 2018.