UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONIELE SMITH,**

    **Plaintiff,**

   v.                                       Case No.: 2:17-cv-1077
                                                    JUDGE SMITH
                                                    Magistrate Judge Jolson

**CHS EMPLOYMENT SERVICES, LLC,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Conditional Class Certification and Court Supervised Notice (the "Motion to Certify") (Doc. 3). Defendant CHS Employment Services, LLC (hereinafter, "CHS" or "Defendant"), responded to the Motion (Doc. 10), and Plaintiff replied in support (Doc. 11). The Motion is fully briefed and is ripe for disposition. For the following reasons, Plaintiff's Motion to Certify is **DENIED**.

      **I.**     **BACKGROUND**

Plaintiff has brought the present collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq.* ("Fair Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15. Plaintiff seeks to recover unpaid overtime wages for weeks in which she worked more than 40 hours. Plaintiff generally alleges that other members of the putative class are similarly situated to her and are also due compensation for unpaid time worked.

CHS is an Ohio company with its principal place of business in Middleburg Heights, Ohio. (Doc. 1, Compl. ¶ 11). CHS formerly owned and operated the Isabelle Ridgway Care Center

("Isabelle Ridgway"), where Plaintiff worked as an hourly, non-exempt State-Tested Nurse Aide ("STNA") from approximately November 2015 until May 2017.  (*Id.* ¶¶ 5, 7, 8).  Plaintiff alleges that she and other similarly situated employees were not properly paid for all of their compensable hours worked because CHS did not include non-discretionary bonuses earned by employees in their regular rate of pay, as mandated by 29 U.S.C. § 207(e).  (*Id.* ¶¶ 17–23).  Plaintiff generally alleges that CHS "applied the same pay practices and policies to all hourly, non-exempt employees, including Plaintiff."  (*Id.* ¶ 32).  Plaintiff seeks to have the following class conditionally certified:

> All current and former hourly, non-exempt employees of Defendant who received remuneration payments in addition to their normal hourly rate of pay during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§216(b) Class" or the "§216(b) Class Members").

(*Id.* ¶ 36).  Plaintiff also asks this Court to approve her proposed Court-Supervised Notice, approve that a reminder email be sent to all Putative Plaintiffs during the 45-day notice period, and order CHS to identify all potential plaintiffs within 14 days of this Opinion and Order's entry.  (Doc. 3, Mot. to Cert. at 3).

In support of her Motion to Certify, Plaintiff relies on her own declaration, a single paystub, and the CHS Employee Handbook to support her claims that other CHS employees are similarly situated to her.  (Docs. 3-3 and 3-4).  In its response, CHS moved to strike the declaration of Plaintiff and also to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II.  STANDARD OF REVIEW

Plaintiff moves for conditional certification under 29 U.S.C. § 216(b).  Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and

> in an additional equal amount as liquidated damages. . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated;'" and (2) ". . . must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)). "For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process. *Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015) (Deavers, M.J.). A plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002) (Sargus, J.)). "The [FLSA] does not define 'similarly situated,' and neither has [the Sixth Circuit]." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016). Although courts are split as to what exactly a plaintiff must show at this stage, this Court has previously held that courts should not grant conditional certification "unless the plaintiff presents some evidence to support her allegations that others are similarly situated." *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (Holschuh, J.). "The Court should consider 'whether potential plaintiffs

3

were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists.'" *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (Marbley, J.) (quoting *Heaps v. Safelite Solutions, LLC*, No. 10-CV-729, 2011 WL 1325207, at *2 (S.D. Ohio Dec. 22, 2011) (Frost, J.)). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547). Certification at this stage "is conditional and by no means final." *Comer*, 454 F.3d at 546.

If plausible grounds exist and conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell*, 2015 WL 6662919, at *1. Final certification occurs after all class plaintiffs have opted in and discovery has concluded. *Comer*, 454 F.3d at 546. "At this stage, 'trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated.'" *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-159, 2012 WL 6593936, at *3 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (quoting *Comer*, 454 F.3d at 547) (*report and recommendation adopted by* No. 2:12-CV-159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013)). At this stage, courts employ a stricter standard to determine if class plaintiffs are "similarly situated" because courts have access to much more information on which they can rely than they did at the conditional certification stage. *Comer*, 454 F.3d at 547 (citing *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye*, 495 F. App'x at 671 (6th

4

Cir. 2012) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008).

Finally, a defendant "may file a motion to decertify the class [at this stage] if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (Dlott, J.).

### III. DISCUSSION

Before determining whether conditional certification is appropriate, the Court will first address CHS's Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Declaration.

**A.     CHS's Motion to Dismiss Plaintiff's Complaint**

CHS contends that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because she "fails to allege the facts showing that the bonuses [she received] were non-discretionary[.]" (Doc. 10, Resp. at 2). CHS argues that Plaintiff must have alleged facts showing why her purported bonuses are non-discretionary, and thus subject to inclusion in her "regular rate" for the purposes of determining her proper overtime rate and CHS's FLSA compliance. Plaintiff counters that her Complaint "alleges unequivocally that additional payments were improperly excluded from overtime calculations in violation of the FLSA." (Doc. 11, Rep. at 15 (citing Doc. 1, Compl. ¶¶ 20–24, 66)).

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In its motion to dismiss, CHS relies on a single case in which an Arizona district court dismissed a complaint containing allegations similar to those forwarded by Plaintiff here. *See Corbin v. GoDaddy.com, Inc.*, No. CV-10-1313-PHX-GMS, 2011 WL 814752 (D. Ariz. Mar. 2, 2011). In *Corbin,* the court dismissed the complaint where the plaintiff alleged that "GoDaddy wrongfully withheld overtime pay from the Plaintiffs by excluding the Plaintiffs' non-discretionary bonus payments from their normal rates of pay for purposes of calculating their overtime pay in violation of 29 U.S.C. § 207(a) and (e)(3)." *Id.* at *2. However, as Plaintiff aptly points out, there were additional allegations in the *Corbin* complaint that gave the court reason to believe that the employer's bonus structure included subjective elements—thereby making the payments discretionary. *Id.* Because there were conflicting allegations regarding the discretionary nature of the bonuses, the *Corbin* court ultimately held that the plaintiff failed to plead sufficient

6

facts to demonstrate that the alleged exclusion of bonus payments when calculating overtime could plausibly be in violation of the FLSA. *Id.* at *3. Here, the allegations in Plaintiff's Complaint do not include any such inconsistencies. Rather, Plaintiff succinctly alleges that she received non-discretionary bonuses in weeks where she worked over 40 hours and those bonuses were not included in her overtime rate calculations. These allegations, when viewed in a light most favorable to Plaintiff, state a claim that is plausible on its face. Accordingly, CHS's Motion to Dismiss Plaintiff's Complaint is **DENIED**.

**B.     CHS's Motion to Strike Plaintiff's Declaration**

CHS has moved to strike Plaintiff's declaration because it provides no probative value for the matter before the Court. (Doc. 10, Resp. at 2, 3–4). Notably, CHS does not argue that the declaration fails due to any technical deficiency. Neither party has cited any authority for or against the proposition that a declaration may be stricken because of its purported lack of probative value, and the Court likewise finds no other opinion on point. However, Plaintiff is correct that it is now the prevailing position in this district that inadmissible evidence may be considered at the 216(b) stage. *See Ford v. Carnegie Mgmt. Servs.*, No. 16-CV-18, 2016 WL 2729700 (S.D. Ohio May 11, 2016) (Jolson, M.J.); *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 893 (S.D. Ohio 2016) (Marbley, J.); *Crescenzo v. O-Tex Pumping, LLC*, No. 15-CV-2851, 2016 WL 3277226, at *5 (S.D. Ohio June 15, 2016) (Marbley, J.). As such, the Court will consider Plaintiff's declaration and give its contents appropriate weight. CHS's Motion to Strike Plaintiff's Declaration is **DENIED**.

**C.     Plaintiff's Motion for Conditional Certification**

As noted above, Plaintiff attempts to shoulder her burden of showing that others are similarly situated to her by submitting her own declaration, a single paystub showing a $25 bonus, and a copy of the CHS Employee Handbook.

This Court previously ruled on a matter substantially similar to the present in *Flexter v. Action Temp. Servs., Inc.*, No. 2:15-CV-754, 2016 WL 7852351 (S.D. Ohio Mar. 25, 2016) Smith, J.). In *Flexter*, this Court held that "[s]peculative statements offered in connection with a Section 216(b) motion may not form a basis of conditional certification." *Id.* at *5 (citing *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-159, 2012 WL 6593936, at *6 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (citing cases)). This same line of reasoning was recently relied upon in another case within this district: *Richardson v. Vizion One Inc.*, No. 2:17-CV-838, 2018 WL 3912805, at *4 (S.D. Ohio Aug. 16, 2018) (Vascura, M.J.) (finding that the plaintiff's declaration did not contain any statement establishing personal knowledge of her otherwise conclusory assertion that her employer had a company-wide policy of not paying overtime wages). In *Richardson*, the plaintiff's declaration was **substantially similar** in form to Plaintiff's declaration in the present case. In fact, the plaintiff in *Richardson* and the Plaintiff here share the same counsel. Because the vast majority of Plaintiff's declaration concerning others similarly situated is speculative and "does not provide any basis for the Court to conclude that other employees are similarly situated to her," no weight will be given to those particular statements. *Id.* at *4.

Without the benefit of her declaration, Plaintiff is left with only a single paystub and a copy of the CHS Employee Handbook to support her claim that others are similarly situated. This evidence falls short of satisfying the lenient standard applied to FLSA conditional certification in the Sixth Circuit. Plaintiff's pay stub showing a $25 bonus provides no support to any plaintiff's claim but her own. Plaintiff did not attempt to approximate how frequently she earned these bonuses or provide any evidence—other than speculation—that other employees suffered financial harm due to similar practices. With the information presently before the Court, there is no way of knowing if this was a single, isolated event for Plaintiff, let alone other CHS employees. As for

8

the CHS Employee Handbook, Plaintiff purports that all CHS employees were subject to the same policies and procedures regardless of the facility they worked at. (Doc. 11, Rep. at 7). While this evidence may supplement other evidence suggesting that other CHS employees were similarly situated to Plaintiff, it has little standalone value. Even in the case cited by Plaintiff, *Wysincavage v. Penn Nat'l Gaming, Inc.*, No. 2:16-CV-1063, 2017 WL 5129003 (S.D. Ohio Oct. 23, 2017) (Watson, J.), the Court recognized that the handbooks submitted by plaintiffs were supplementary to the declarations submitted and the Court did not expound on the evidentiary value of said handbooks. *Id.* at *4.

In *Flexter*, this Court noted that:

> Determining the amount of supporting evidence a plaintiff must submit to show that other employees are "similarly situated" is an inexact science incapable of being mechanized or formulated. In some instances, two declarations may be sufficient to show that other employees are similarly situated to the plaintiff and FLSA conditional certification is appropriate. One such instance might arise where a declarant has personal knowledge of widespread violations. Such is not the case here.

2016 WL 7852351, at *4.

This bears mentioning here because Plaintiff has identified several cases in which "x" amount of declarations were deemed to be sufficient to conditionally certify certain putative classes. The fact that Plaintiff submitted a single declaration was not fatal to her obtaining conditional certification, but the declaration's content, or lack thereof, was. Certainly, additional declarations could have shown that additional CHS employees suffered injuries similar to those alleged by Plaintiff, but they are not necessary. Plaintiff's declaration alone could have satisfied the "similarly situated" standard if it provided a basis for her personal knowledge.

In short, Plaintiff has failed to identify potential plaintiffs with any particularity, she has not submitted affidavits of potential plaintiffs, she has offered little evidence beyond mere speculation proving a widespread discriminatory plan, and Plaintiff's proposed class—potentially

including all hourly employees at a minimum of 26 facilities—is not manageable.  All of these factors weigh against conditional certification.  Accordingly, Plaintiff's Motion for Conditional Certification is **DENIED**.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Conditional Class Certification and Court Supervised Notice (Doc. 3) is **DENIED**.  The Clerk shall **REMOVE** Document 3 from the Court's pending motions list.

**IT IS SO ORDERED.**

  */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**